# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| INTERFACE PRINTERS, LLC, | § | |
|     Plaintiff, | § | |
| v. | § | No. 3:16-CV-607-L |
| BGF GLOBAL, LLC, | § | |
|     Defendant. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Interface Printers, LLC's ("Plaintiff") Motion for Entry of Default and Default Judgment [ECF No. 7] ("Motion for Default Judgment"). This motion has been referred to the United States Magistrate Judge for proposed findings and recommendations for disposition of the motion. Order of Reference, ECF No. 9. For the following reasons, the undersigned respectfully recommends that Plaintiff's Motion for Default Judgment [ECF No. 7] be **DENIED without prejudice**.

## BACKGROUND

BGF Global, LLC ("Defendant") transported 30 printers to Eau Claire, Wisconsin in accordance with a contract with Plaintiff. Compl. 2, ECF No. 1. Plaintiff states that it secured the printers in a trailer with air ride technology to reduce the effects of bumps on the road. Compl. 2, ECF No. 1. Plaintiff states that it believes that Defendant unloaded Plaintiff's cargo from the original trailer and reloaded it onto a new one, but failed to secure them in a manner that would prevent damage. Compl. 2, ECF No. 1. Plaintiff states that when the printers arrived in Eau Claire, they were no longer strapped down in an air ride equipped trailer. Compl. 3, ECF No. 1. Plaintiff alleges that Defendant is liable as a motor carrier under 49 U.S.C. § 14706 for Plaintiff's actual damages in excess of $75,000.00. Compl. 3, ECF No. 1. Plaintiff filed its Complaint on March 3, 2016. On

November 18, 2016, Plaintiff filed its Motion for Default Judgment stating that Defendant's registered agent was served with a summons and a copy of plaintiff's complaint by a certified process server, but that Defendant failed to file a responsive pleading or otherwise defend the lawsuit. Mot. for Entry of Default 1, ECF No. 7. The Clerk entered default [ECF No. 8] on November 18, 2016 and the Motion for Default Judgment remains before the Court for consideration.

## ANALYSIS

Federal Rule of Civil Procedure ("Rule") 55 (b)(2) governs the entry of a default judgment by the Court. *See* FED. R. CIV. P. 55(b)(2). A default judgment is available to a plaintiff who demonstrates the following: (1) the defendant was served and default was entered because the defendant failed to appear; (2) the defendant is not a minor or an incompetent person; (3) the defendant is not in the military or subject to the Soldiers and Sailors Relief Act of 1940; and (4) if the defendant appeared in the case, the defendant was provided with notice of the default judgment application at least three days before the hearing. *See Arch Ins. Co. v. WM Masters & Assocs., Inc.*, No. 3:12-CV-2092-M, 2013 WL 145502, at *2 (N.D. Tex. Jan. 14, 2013) (citing 50 U.S.C. § 3931; FED. R. CIV. P. 55; *20th Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1070 (D. Ariz. 2006)); *see also TFHSP, LLC Series 10147 v. U.S. Bank Nat'l Ass'n*, No. 3:14-CV-2589-M (BN), 2016 WL 2856006, at *2 (N.D. Tex. Apr. 18, 2016) (citing *Arch Ins. Co.*, 2013 WL 145502, at *2). In addition, the plaintiff "must make a *prima facie* showing of jurisdiction." *TFHSP, LLC Series 10147*, 2016 WL 2856006, at *2 (citing *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 325 (5th Cir. 2001)).

"The Fifth Circuit favors resolving cases on their merits and generally disfavors default

judgments." *Arch Ins. Co.*, 2013 WL 145502, at *2 (citing *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999); *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)). However, this position is "counterbalanced by considerations of social goals, justice, and expediency, a weighing process [that] lies largely within the domain of the trial judge's discretion." *Rogers*, 167 F.3d at 936. In determining whether or not to enter a default judgment, district courts consider the following: (1) material issues of fact at issue; (2) substantial prejudice; (3) clearly established grounds for default; (4) excusable neglect or good faith mistake; (5) harshness of a default judgment; and (6) whether the court would set aside the default judgment upon motion. *Arch Ins. Co.*, 2013 WL 145502, at *3 (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)). "Any doubt as to whether to enter or set aside a default judgment must be resolved in favor of the defaulting party." *Id.* The entry "of a default judgment is within the Court's discretion." *Id.* at *2.

"'A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true.'" *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (quoting *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). A defendant is not required to admit conclusions of law or facts that are not well-pleaded. *See id.* (quoting *Nishimatsu Constr. Co., Ltd.*, 515 F.2d at 1206). Rule 8(a)(2) "requires a pleading to contain a short and plain statement of the claim showing that the pleader is entitled to relief. The purpose of this requirement is to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Wooten*, 788 F.3d at 498 (internal quotation marks and citation omitted). However, "[t]he factual allegations in the complaint need only be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the

3

complaint are true (even if doubtful in fact)." *Id.* (internal quotation marks and citation omitted).

A default judgment does not establish the damages amount. *Crawford v. Lee*, No. 3:10-CV-1499-L, 2011 WL 2115824, at *4 (N.D. Tex. May 24, 2011) (citing *United States v. Shipco Gen.*, 814 F.2d 1011, 1014 (5th Cir. 1987); *TWA v. Hughes*, 449 F.2d 51, 70 (2d Cir. 1971); *G&C Merriam Co. v. Webster Dictionary Co.*, 639 F.2d 29, 34 (1st Cir. 1980)). It is Plaintiff's "burden to provide an evidentiary basis for the damages it seeks." *Halff Assocs., Inc. v. Warner Pac. Props. LLC*, No. 3:08-CV-574-B, 2008 WL 3874673, at *2 (N.D. Tex. Aug. 13, 2008). "Generally, in the context of a default judgment, an evidentiary hearing is required to determine the amount of unliquidated damages." *TFHSP, LLC Series 10147*, 2016 WL 2856006, at *2 (citing *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993)). However, an evidentiary hearing is not required where the claimed damages are liquidated and are ascertainable from the filings or otherwise can be calculated mathematically. *See id.* (citing *James*, 6 F.3d at 310; *Crawford*, 2011 WL 2115824, at *4).

The Local Rules for the Northern District of Texas require that motions that are not specifically listed in Rule 7.1(h) "be accompanied by a brief that sets forth the moving party's contentions of fact and/or law and argument and authorities[.]" Local Rule 7.1(d) & (h). Furthermore, a "party who relies on materials-including depositions, documents, electronically stored information, affidavits, declarations, stipulations, admissions, interrogatory answers, or other materials-to support or oppose a motion must include the materials in an appendix." Local Rule 7.1(i)(1). "The appendix must be assembled as a self-contained document, separate from the motion, response, reply, and brief." Local Rule 7.1(i)(2). Plaintiff has not filed a brief or an appendix in support of its Motion for Default Judgment. Plaintiff has filed affidavits of its counsel and owner, but these affidavits do not provide an analysis of Plaintiff's entitlement to a default judgment under

4

the applicable law discussed. Rawlins Aff., ECF No. 7 at 6-7; Canada Aff., ECF No. 7 at 14-15. In consideration of the foregoing, the undersigned recommends that the District Court deny Plaintiff's Motion for Default Judgment without prejudice to re-filing the motion accompanied by an appendix that includes all the documents relied upon in the motion and a brief that sets forth the appropriate analysis to permit the Court to determine whether Plaintiff is entitled to the relief requested.

## RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that the District Court **DENY without prejudice** Plaintiff's Motion for Default Judgment [ECF No. 7].

**SO RECOMMENDED**, this 28th day of August, 2017.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).