UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| INTERFACE PRINTERS, LLC, | § § | |
| Plaintiff, | § § | |
| v. | § § | No. 3:16-CV-607-L (BT) |
| BGF GLOBAL, LLC, | § § § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff Interface Printers, LLC's Amended Motion for Default Judgment [ECF No. 12], which has been referred to the United States magistrate judge for proposed findings and recommendations for disposition of the motion. *See* Order of Reference [ECF No. 15]. For the following reasons, the District Court should **GRANT** the Amended Motion, in part, and enter a default judgment for Plaintiff against Defendant BGF Global, LLC, consistent with the provisions of these Findings, Conclusions, and Recommendation.

**BACKGROUND**

Plaintiff filed its Original Complaint on March 3, 2016, in connection with an incident arising out of Defendant BGF Global, LLC's transport of 30 printers to Eau Claire, Wisconsin on February 3, 2015, pursuant to a contract. *See* Compl. 2 [ECF No. 1]. Plaintiff alleges that it secured the printers in a trailer with "air ride" technology to reduce the effects of bumps on the road during transport. *See*

1

Compl. 2. Plaintiff alleges that Defendant apparently unloaded Plaintiff's cargo from the original trailer and reloaded it onto a new one, but failed to secure the cargo in a manner that would prevent damage. *See* Compl. 2. Plaintiff further alleges that when the printers arrived in Eau Claire, they were no longer strapped down in an "air ride" equipped trailer. *See* Compl. 3. Plaintiff contends that Defendant is liable as a motor carrier under 49 U.S.C. § 14706 for damages suffered by Plaintiff. *See* Compl. 3.

On November 18, 2016, Plaintiff filed a combined Motion for Entry of Default and Default Judgment [ECF No. 7]. In this motion, Plaintiff stated that Defendant's registered agent was served with a summons and a copy of Plaintiff's Original Complaint by a certified process server, but that Defendant failed to file a responsive pleading or otherwise defend the lawsuit. *See* Mot. 1 [ECF No. 7]. The Clerk's Entry of Default [ECF No. 8] was entered on November 18, 2016.

On August 28, 2017, the Court recommended that Plaintiff's Motion for Default Judgment be denied without prejudice, because Plaintiff did not demonstrate its entitlement to a default judgment under the applicable law. *See* Recommendation 4-5 [ECF No. 10]. Therefore, the Court recommended that the District Court deny Plaintiff's Motion for Default Judgment without prejudice to re-filing the motion with a brief that demonstrates Plaintiff's entitlement to the requested relief, and a separate appendix that includes all of the documents relied on by Plaintiff in its request for default judgment. *See* Recommendation 5. On September 12, 2017, the District Court accepted the recommendation of the

magistrate judge. *See* Order [ECF No. 11]. Plaintiff filed its Amended Motion for Default Judgment on October 12, 2017, as ordered by the District Court. *See* Mot. [ECF No. 12].

## LEGAL STANDARDS

Fed. R. Civ. P. 55 (b)(2) governs the entry of a default judgment. A default judgment is available to a plaintiff who demonstrates the following: (1) the defendant was served with a summons and the complaint, and a default was entered because the defendant failed to appear; (2) the defendant is not a minor or an incompetent person; (3) the defendant is not in the military or subject to the Soldiers and Sailors Relief Act of 1940, 50 U.S.C. §3931; and (4) if the defendant appeared in the case, the defendant was provided with notice of the default judgment application at least three days before the hearing. *See Arch Ins. Co. v. WM Masters & Assocs., Inc.*, 2013 WL 145502, at *2 (N.D. Tex. Jan. 14, 2013) (citing *Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1070 (D. Ariz. 2006)). In addition, the plaintiff "must make a *prima facie* showing of jurisdiction." *TFHSP, LLC Series 10147 v. U.S. Bank Nat'l Ass'n*, 2016 WL 2856006, at *2 (N.D. Tex. Apr. 18, 2016) (citing *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 325 (5th Cir. 2001)).

The Fifth Circuit generally disfavors default judgments and prefers to resolve cases on their merits. *Arch Ins. Co.*, 2013 WL 145502, at *2 (citing *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999); *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)).

3

However, this position is "counterbalanced by considerations of social goals, justice, and expediency, a weighing process [that] lies largely within the domain of the trial judge's discretion." *Rogers*, 167 F.3d at 936.

In determining whether to enter a default judgment, courts consider the following: (1) any material issues of fact; (2) substantial prejudice; (3) clearly established grounds for default; (4) excusable neglect or good faith mistake; (5) harshness of a default judgment; and (6) whether the court would set aside the default judgment upon motion. *Arch Ins. Co.*, 2013 WL 145502, at *3 (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)). "Any doubt as to whether to enter or set aside a default judgment must be resolved in favor of the defaulting party." *Id*. The entry "of a default judgment is within the Court's discretion." *TFHSP, LLC Series 10147*, 2016 WL 2856006, at *2 (citing *Lindsey*, 161 F.3d at 893).

"'A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true.'" *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (quoting *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). A defendant is not required to admit conclusions of law or facts that are not well-pleaded. *See id*. (quoting *Nishimatsu Constr. Co., Ltd.*, 515 F.2d at 1206). Rule 8(a)(2) "requires a pleading to contain a short and plain statement of the claim showing that the pleader is entitled to relief. The purpose of this requirement is to give the defendant fair notice of what the . . . claim is and the

4

grounds upon which it rests." *Wooten*, 788 F.3d at 498 (internal quotation marks and citations omitted). However, "[t]he factual allegations in the complaint need only be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal quotation marks and citation omitted).

"'A default judgment is a judgment on the merits that conclusively establishes the defendant's liability. But it does not establish the amount of damages.'" *Crawford v. Lee*, 2011 WL 2115824, at \*4 (N.D. Tex. May 24, 2011) (quoting *United States v. Shipco Gen.*, 814 F.2d 1011, 1014 (5th Cir. 1987)). It is Plaintiff's "burden to provide an evidentiary basis for the damages it seeks." *Halff Assocs., Inc. v. Warner Pac. Props. LLC*, 2008 WL 3874673, at \*2 (N.D. Tex. Aug. 13, 2008). "Generally, in the context of a default judgment, an evidentiary hearing is required to determine the amount of unliquidated damages." *TFHSP, LLC Series 10147*, 2016 WL 2856006, at \*2 (citing *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993)). However, an evidentiary hearing is not required where the claimed damages are liquidated and are ascertainable from the filings or otherwise can be calculated mathematically. *See TFHSP, LLC Series 10147*, 2016 WL 2856006, at \*2 (citing *James*, 6 F.3d at 310; *Crawford*, 2011 WL 2115824, at \*4).

## ANALYSIS

In view of the relevant legal standards and the record in this case, the Court finds that Plaintiff is entitled to a default judgment. With respect to the

prerequisites for entering a default judgment, the Court finds that Defendant was properly served with summons and a copy of Plaintiff's Complaint on June 6, 2016. *See* Proof of Service [ECF No. 5]. The summons instructed Defendant to serve Plaintiff's attorney with an Answer to the Complaint within twenty-one days after the date of service. *See* Summons 1 [ECF No. 3]. The summons warned that failure to comply would result in judgment by default being entered against Defendant for the relief demanded in the Complaint. *See* Summons 1. Defendant failed to enter an appearance and further failed to comply with the directives of the summons or otherwise indicate an intent to defend the action within the time required by law. Defendant is a limited liability company, and therefore is not a minor or an incompetent person; nor is defendant in the military or subject to the Soldiers and Sailors Relief Act of 1940.

With respect to the factors that inform the Court's decision as to whether to grant a default judgment, the Court finds that Defendant has not filed any responsive pleadings or otherwise appeared in this case, and thus has not contested any facts presented in Plaintiff's Complaint. The grounds for default are clearly established, and there is no evidence before the Court that "a good faith mistake or excusable neglect" caused the default. Substantial prejudice exists because Defendant's failure to respond to Plaintiff's Complaint threatens to bring the adversary process to a halt, and prevents Plaintiff from pursuing its legal rights. Although a default judgment is a harsh remedy, Plaintiff seeks only the relief to which it seemingly is entitled. Based on the facts known to the Court,

Defendant is not entitled to any affirmative defense. Finally, the Court discerns no "good cause" for which it would be obligated to set aside the default if later challenged by Defendant.  See *Arch Ins. Co.*, 2013 WL 145502, at *3 (citing cases).

    While Defendant's default does not in itself warrant the Court entering a default judgment, the pleadings and other evidence of record in this case provide a sufficient basis in fact for a judgment to be entered. *Nishimatsu Constr. Co.*, 515 F.2d at 1206 (noting that "[t]he defendant, by his default, admits the plaintiff's well pleaded allegations of fact"). Plaintiff brings this action under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706, which "allows a shipper to recover damages from a carrier for 'actual loss or injury to the property' resulting from the transportation of cargo in interstate commerce." *National Hispanic Circus, Inc. v. Rex Trucking, Inc.*, 414 F.3d 546, 549 (5th Cir. 2005) (quoting 49 U.S.C. § 14706(a)(1)). Under Section 14706, a carrier is liable "for the actual loss or injury to the property caused by (A) the receiving carrier, (B) the delivering carrier, or (C) another carrier over whose line or route the property is transported." 49 U.S.C. § 14706. To establish a *prima facie* case of negligence under Section 14706, a shipper must demonstrate:

        (1)    delivery [to the carrier] of the goods in good condition;

        (2)    receipt by the consignee of less goods or damaged goods; and

        (3)    the amount of damages.

*Man Roland, Inc. v. Kreitz Motor Exp., Inc.*, 438 F.3d 476, 479 (5th Cir. 2006) (citing *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 778 (5th Cir. 2003); *Accura Sys., Inc. v. Watkins Motor Lines, Inc.*, 98 F.3d 874, 877 (5th Cir. 1996); *Johnson & Johnson v. Chief Freight Lines Co.*, 679 F.2d 421, 421 (5th Cir. 1982)).

Once the shipper establishes a *prima facie* case, there is a rebuttable presumption of negligence on the part of the carrier. *Man Roland*, 438 F.3d at 479 (citing *Frosty Land Foods Int'l v. Refrigerated Transp. Co.*, 613 F.2d 1344, 1346–47 (5th Cir. 1980)). To overcome this presumption of negligence, the carrier must show that (1) it was free from negligence, and (2) the damage or loss to the cargo was caused by "(a) [an] act of God; (b) the public enemy; (c) the act of the shipper himself; (d) public authority; (e) or the inherent vice or nature of the goods." *Chief Freight Lines Co.*, 679 F.2d at 422 & n.1 (citing *Mo. Pac. R.R. v. Elmore & Stahl*, 377 U.S. 134, 137 (1964)).

Plaintiff's Complaint alleges that Plaintiff, a shipper, had a contract with Defendant, a carrier, to transport 30 printers to Eau Claire, Wisconsin. *See* Compl. 2. Plaintiff has provided a copy of the bill of lading for the printers, which constitutes *prima facie* evidence of delivery of the printers to Defendant in good condition. *See Accura Sys.*, 98 F.3d at 878. The Complaint alleges that Plaintiff secured the printers in a trailer with "air ride" technology to reduce the effects of bumps on the road during transport. *See* Compl. 2. The Complaint further alleges that when the printers arrived in Eau Claire, they were no longer strapped down

in an "air ride" equipped trailer. *See* Compl. 3. Plaintiff has also submitted an affidavit from the company's co-owner stating that the printers arrived at their destination in a damaged condition. *See* Pl.'s App. 9 [ECF No. 14]. The affidavit further establishes that Plaintiff incurred $43,900 in damages. *See* Pl.'s App. 10. Based on this evidence, the Court finds Plaintiff has established a *prima facie* case of negligence under Section 14706.

Because Defendant is in default, there is no evidence before the Court to rebut the presumption of negligence or contest the amount of damages incurred by Plaintiff. The Court finds the amount of $43,900 in damages is supported by Plaintiff's evidence and the record. *See James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993) (holding that when the amount of damages and/or costs can be determined with certainty by reference to the pleadings and supporting documents, and when a hearing would not be beneficial to the court, the court may determine the amount of damages without a hearing). Accordingly, the Court finds that Plaintiff is entitled to recover from Defendant a total amount of $43,900 in actual damages.

Although Plaintiff's Complaint also sought to recover prejudgment interest and costs of suit, Plaintiff did not mention prejudgment interest or court costs in its Amended Motion and did not submit any evidence to support an award of such interest or costs. Thus, Plaintiff should not recover prejudgment interest or costs of suit.

## RECOMMENDATION

For the foregoing reasons, the District Court should **GRANT** Plaintiff's Amended Motion for a Default Judgment [ECF No. 12], in part, and order that final default judgment be entered for Plaintiff against Defendant in the amount of $43,900, plus post-judgment interest at the applicable federal rate.

**SO RECOMMENDED**.

June 25, 2018.

                                              REBECCA RUTHERFORD
                                              UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).